IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RICK WEISENBERGER,

    Plaintiff,

v.                                                Civil Action No. 5:04CV7
                                                                     (STAMP)
JO ANNE B. BARNHART,
Commissioner of Social
Security Administration,

    Defendant.

**MEMORANDUM OPINION AND ORDER
ACCEPTING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The plaintiff, Rick Weisenberger, filed an action on January 15, 2004 seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security, pursuant to 42 U.S.C. § 405(g). He originally filed for Disability Insurance Benefits ("DIB") on June 7, 1994, alleging a disability that had been present since January 13, 1993. He then amended his claim to seek a closed period of disability from January 13, 1995 through November 15, 1995. The ALJ found the plaintiff disabled during the closed period of disability.

On September 12, 1997, the plaintiff filed a second application for DIB alleging a disability since February 1, 1996, which was subsequently denied. The plaintiff filed a third application for DIB and Social Security Income ("SSI") on August 4, 2000. In a decision dated May 20, 2003, the Administrative Law Judge ("ALJ") denied the plaintiff's claim, finding that plaintiff

was not disabled within the meaning of the Social Security Act. The Appeals Council denied the plaintiff's request for review of the decision on November 12, 2003.

The plaintiff filed a complaint with this Court seeking review of the denial of his application for disability benefits. The case was referred to United States Magistrate Judge James E. Seibert for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(A) and 636(b)(1)(B). The defendant then filed an answer to the complaint. On January 28, 2005, Magistrate Judge Seibert entered an order recommending that the case be dismissed due to plaintiff's failure to comply with the Local Rules. This Court rejected the magistrate judge's recommendation and remanded the case for further consideration. Both the plaintiff and the defendant filed motions for summary judgment.

Magistrate Judge Seibert considered both of these motions and submitted a report and recommendation. In his report, he made the following findings: (1) the ALJ properly evaluated the plaintiff's Global Assessment Function ("GAF") scores as reported by his psychiatrists and psychologist; and (2) the ALJ properly analyzed the plaintiff's credibility.

Based on these findings, the magistrate judge recommended that the defendant's motion for summary judgment be granted, the plaintiff's motion for summary judgment be denied, and the action be dismissed.

Upon submitting this report, Magistrate Judge Seibert informed the parties that, if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within ten days after being served with a copy of the report. The plaintiff submitted objections on May 2, 2005.

This Court has reviewed the report and recommendation and the objections filed by the plaintiff and finds that the magistrate judge's report and recommendation should be affirmed in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), the district court must conduct a de novo review of any portion of the magistrate judge's recommendation to which an objection is made. As to those portions of the report to which no objection is made, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous."

In conducting a de novo review under 42 U.S.C. § 405(g), this Court must determine: (1) whether the ALJ applied the correct legal standard; and (2) whether substantial evidence in the record supports the ALJ's decision. Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is "more than a mere scintilla," and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consol. Edison Co. v. NLRB, 305 U.S. 197 (1938). In determining whether the record supports the ALJ's findings, a court must consider "whether

all of the relevant evidence has been analyzed and whether the ALJ has sufficiently explained his rationale in crediting certain evidence." Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998).

### III. Discussion

The plaintiff makes the following objections to the magistrate judge's report and recommendation: (1) the findings of the ALJ are not supported by substantial evidence due to the failure of the ALJ to make a credibility determination with respect to the plaintiff's description of his mental impairments; (2) the ALJ gave inappropriate weight and analysis to the assessments of the psychiatrists and psychologists in this case, and offered no explanation for preferring the higher GAF scores.

This Court first must reiterate that it is not the duty of a district court to make findings of fact and resolve conflicts in the evidence in reviewing the ALJ's decision. See Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Rather, it is the duty of this Court to ensure that the correct law was applied and that the findings are supported by substantial evidence. In this case, this Court finds that the magistrate judge is correct in his conclusion that the ALJ's findings should be upheld.

First, this Court finds that the ALJ did discuss the credibility of the plaintiff's testimony concerning his mental impairments. The ALJ states in his decision:

> Before November 1, 2001, the undersigned did not find the claimant's testimony regarding the severity of his symptoms and the extent of his limitations fully credible . . . . The claimant's testimony reveals that neither his alleged severe pain <u>nor his symptomatology</u> precludes him from driving, visiting friends, reading, going to a restaurant or going shopping with his wife.

Tr. at 21 (emphasis added). While the ALJ does not specifically reference the plaintiff's credibility with respect to his mental impairments, he addresses the credibility of his testimony in total, which encompasses his described symptoms of mental impairment.

Further, the ALJ's credibility determination is entitled to special deference, and this Court can only reverse it "if the claimant can show it was 'patently wrong.'" <u>Powers v. Apfel</u>, 207 F.3d 431, 435 (7th Cir. 2000). The plaintiff has made no such showing in this case. Thus, this Court agrees with the magistrate judge that the ALJ properly analyzed the plaintiff's credibility.

The ALJ also properly considered the assessments and GAF scores of the plaintiff's treating psychiatrists and psychologist. The ALJ weighed this evidence along with other medical findings in the record, and found that the plaintiff has failed to show a disability that rises to the level of the listed impairments. The ALJ found that, while the plaintiff does have a diagnosis of depression, the evidence as a whole demonstrates that it has only "mild" restrictions on his activities of daily living and his social functioning. Thus, the ALJ concluded that the evidence of

record did not meet all of the criteria for Listing 12.04. Tr. at 20.

As previously noted, it is not the job of this Court to "second guess" the factual findings and credibility determinations made by the ALJ. This Court finds that the ALJ properly considered all of the evidence presented, and that his conclusions are substantially supported by the record. Accordingly, the plaintiff's objections that the ALJ did not properly consider the evidence of his psychological impairment are without merit.

Upon review of the record and the findings made by the ALJ, this Court concludes that the decision to deny the plaintiff disability benefits was reached by applying the correct legal standard and was supported by substantial evidence, and therefore the magistrate judge's report and recommendation should be affirmed.

## IV. Conclusion

Because, after a de novo review, this Court concludes that the magistrate judge's recommendation is proper and the plaintiff's objections to the report and recommendation lack merit, and because the remaining findings are not clearly erroneous, this Court hereby ACCEPTS and ADOPTS the magistrate judge's report and recommendation in its entirety. For the reasons stated above, it is ORDERED that the summary judgment motion of the plaintiff be DENIED, and the summary judgment motion of the defendant be GRANTED. It is further

ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit copies of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   May 17, 2005

/s/ Frederick P. Stamp, Jr.  
FREDERICK P. STAMP, JR.  
UNITED STATES DISTRICT JUDGE